TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DAVID P. PETERMANN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
E-mail: David.Petermann@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Alfonso Barragan-Landa,<br><br>Defendant. | CR 25-2303-TUC-RM (MAA)<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits this Sentencing Memorandum for the Court's consideration at sentencing. The sentencing hearing is currently scheduled for February 18, 2025.

The government acknowledges Probation's initial calculations in the Pre-Sentence Report (PSR) regarding a total offense level of 10, a criminal history category I, and guideline provisions of 6 to 12 months imprisonment.

The government respectfully requests that the Court sentence defendant to a term of 36 months of probation. The PSR writer is recommending the same sentence.

Pursuant to 18 U.S.C. § 3553(a), the nature and circumstances of the offense involve a false statement during the purchase of a firearm. His participation in this crime contributes to the larger issue of internation gun violence, but no other known evidence beyond substance abuse suggests he poses a risk to community safety.

**The Recommended Sentence.**

Under Title 18 § 3553 sentencing factors, a sentence of 36 months of probation

adequately reflects the <u>seriousness</u> of the gun offense—making a false statement during the purchase of a firearm. If the defendant violates any of the conditions of a probationary sentence he can be brought back before this court, have his probation, revoked and face any number of possible terms of imprisonment.

A term of probation of 36 months is an appropriate sentence in this case. It is also an appropriate sentence to promote respect for the law and afford adequate deterrence to criminal conduct, both personally for the defendant and for the general population, especially to anyone considering making false statements during the purchase of a firearm. The felony conviction alone will prevent the defendant from legally possessing any firearm or ammunition in his immediate and perhaps long-term future and is a serious consequence of his crime in and of itself.

Respectfully submitted this 5th day of February 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ David P. Petermann*

DAVID P. PETERMANN
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 5th day of February 2026, to:
James D. Smith, Attorney.